IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WALKER, PAUL FRAZIER, DAVID FRED MEHAFFEY II, JUAN GARCIA, BRODERICK MCCLOUD, MICHAEL WEATHERSBY, EDGAR SANCHEZ, and JAVIER PINEDA, on behalf of themselves and others similarly situated, | § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:12-cv-00134 |
| V. | § § | |
| HONGHUA AMERICA, LLC, | § § § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT HONGHUA AMERICA, LLC'S EMERGENCY MOTION FOR BRIEF ABATEMENT OF THE COURT'S ORDER AS TO THE CONDITIONAL COLLECTIVE ACTION AND REQUEST FOR HEARING**

Plaintiffs file this Response to Defendant HongHua America, LLC's ("HongHua") Emergency Motion for Brief Abatement of the Court's Order as to the Conditional Collective Action and Request for Oral Hearing.

**I. SUMMARY**

HongHua's "emergency" motion to abate should be denied. First, HongHua's motion is procedurally barred. Specifically, HongHua waived its asserted grounds for abatement. In its briefing on Plaintiffs' motion for conditional certification and to issue notice, HongHua strategically concealed the DOL's investigation from the Court, in an effort to portray this case as laughably meritless. Now that its gambit has failed, HongHua reveals the DOL's investigation that it knew about all along and seeks an abatement based upon it from the Court, so it can figure out its next strategic money-saving move, rather than comply with the Court's

order granting collective action certification and authorizing notice. HongHua's prior conduct waived the argument it makes now.

Second, waiver aside, HongHua's motion for abatement is substantively meritless. While an employer that has reached a final settlement with the DOL that covers the same class of employees before any private lawsuit was filed or conditionally certified may have a logical argument for abatement, that is far from the case here. In this case, even HongHua admits that the DOL has not even made findings yet, much less proposed, initiated, agreed to, or implemented a settlement of the same class of employees as this lawsuit covers, or any class at all.

Given this factual context, HongHua's motion for abatement boils down to this: HongHua wants to spend its time leisurely strategically thinking about its next move in its effort to save money – and specifically how it can leverage the DOL investigation to its financial advantage – rather than going through the effort of complying with this Court's order. While that may be understandable from HongHua's own selfish perspective, it hardly constitutes a basis for abating this Court's order allowing notice to be issued to the putative class members. *See, e.g., Villeda v. Landry's Restaurant, Inc.*, No. Civ.A. 4:08-cv-02287, Doc. Nos. 13 and 14 (decision by Judge Lee Rosenthal granting plaintiffs' motion for conditional certification and to issue notice over employer's objection that simultaneous DOL investigation entitled the company to a 90-day postponement of the ruling).[1] This conclusion is especially clear given that the statute of limitations continues to run against the putative class members, so that granting HongHua's motion would prejudice the putative class members.

---

[1] A copy of the employer's pleading that made that argument is attached hereto as Ex. A. A copy of the docket sheet from that case is attached as Ex. B. The employer made its argument for a 90-day postponement in its response to plaintiffs' motion for conditional certification on December 19, 2008 (Ex. A at page 4). Judge Lee Rosenthal effectively denied the employer's request when she granted the plaintiffs' motion for conditional certification and to issue notice on January 9, 2009, just three weeks later (Ex. B at Doc. No. 14).

## II. RELEVANT BACKGROUND

### A. HongHua's Plan "A" – Portraying This Case As Completely Meritless – Failed To Prevent Conditional Certification

HongHua knowingly put itself in the position it now seeks "emergency" relief from. Before filing this suit, Plaintiffs' counsel sent three lengthy demand letters to HongHua's counsel, in late December 2011 and early January 2012.[2] HongHua probably could have resolved this matter then. But, apparently HongHua saw no need for "emergency" action – or any action at all – because HongHua did not even bother to respond to any of the demand letters. Rather, HongHua let this matter predictably mushroom into what is now a case that poses such significant liability to the Company. Having been systematically ignored by HongHua, Plaintiffs were forced to file this lawsuit later in January 2012.

On March 2, 2012, Plaintiffs filed their motion for conditional certification and to issue notice (Doc. No. 10). On April 6, 2012, DOL Investigator Heriberto Fernandez sent HongHua a letter notifying the company that he was going to conduct an on-site investigation for FLSA violations (Doc. No. 26-1). Eleven days later, on April 17, 2012, HongHua filed a response to Plaintiffs' motion for conditional certification and to issue notice (Doc. No. 20). In its response, HongHua never mentioned that it was already under investigation by the DOL for the same alleged FLSA violations as are asserted in this case.

Instead, in its response, HongHua vigorously argued that this case was so substantively meritless that it should be "summarily rejected."[3] As if to demonstrate just how absurd Plaintiffs' claims supposedly were, HongHua emphasized that in non-FLSA contexts, the Texas Workforce Commission and EEOC had already allegedly "agreed that they [the at-issue workers]

---

[2] Exs. C-E.

[3] HongHua's Response to Plaintiffs' Motion to Certify a Collective Action and Issue Notice, Doc. No. 20 at 2.

were contractors, not employees."[4] In making this point, HongHua neglected to mention that Fifth Circuit has already held that such findings do not necessarily preclude a worker from being an independent contractor under the FLSA. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347-48 (5th Cir. 2008) (concluding that plaintiff's prior successful self-representation to the Texas Workforce Commission that he was an employee for purposes of the Texas Labor Code did not bar him from claiming independent contractor status under the FLSA, and holding that, "[d]espite the semantic inconsistency, it is legally possible to be an employee for purposes of the FLSA and an independent contractor under most other statutes.").

On April 24, 2012, HongHua filed its surreply (Doc. No. 24). HongHua again chose not to mention the DOL's investigation, instead preferring to pursue its "all in" strategy of portraying this case as being substantively meritless. Needless to say, revealing that the DOL was investigating the very same FLSA violations this suit asserts at that very moment would have undermined that portrayal, which is why HongHua did not mention it to the Court. The very next day DOL Investigator Heriberto Fernandez performed the on-site investigation at HongHua's facility that he had notified the company about weeks earlier.[5] HongHua's lawyer in this case was present at the on-site investigation.[6]

HongHua's strategy of concealing the DOL investigation from the Court and Plaintiffs' counsel failed. On May 7, 2012, this Court granted in part Plaintiffs motion for conditional certification and to issue notice. Later that day, after the Court's order was issued, HongHua's lawyer called Plaintiffs' counsel and told him that the DOL was investigating HongHua over the same claims the Plaintiffs were making, and on that basis HongHua would be seeking abatement.

---

[4] Affidavit of Estela V. Moscot, attached as Ex. A to HongHua's Response to Plaintiffs' Motion to Certify a Collective Action and Issue Notice, Doc. No. 20-1 at ¶ 11.

[5] HongHua's Motion to Abate at ¶ 2; HongHua's Motion to Abate at Doc. No. 26-1.

[6] HongHua's Motion to Abate at ¶ 2.

4

Until then, Plaintiffs' counsel was not aware of the DOL's investigation. On the other hand, by then, HongHua had been on written notice of the DOL's investigation for a full month (Doc. No. 26-1).

> **B. So Now HongHua Trots Out Plan "B" – A Plea To Abate The Issuance Of Notice Based On The Very Same DOL Investigation HongHua Strategically Concealed From The Court**

On May 10, 2012, HongHua filed its present "emergency" motion to abate, relying exclusively on the fact that the DOL was investigating the Company for the same FLSA violations as Plaintiffs allege (Doc. 26). By way of context, DOL settlements in FLSA cases typically only cover two-year periods, rather than three. And, to encourage voluntary settlements, the DOL usually foregoes liquidated damages. So, employers who have plainly violated the FLSA on a widespread basis can often save money – and short the affected workers their full damages – by resolving their liability through settlement with the DOL, rather than in a collective action case against a private lawyer who is highly motivated to get the workers all the relief they are entitled to under the FLSA. This financial reality is what is driving HongHua's "emergency" motion to abate.

Putting aside the fact that HongHua never mentioned the DOL investigation before, despite ample opportunity to do so, HongHua's motion substantively fails to identify any compelling basis for abatement. For example, HongHua's motion:

- Does not indicate that the DOL has actually made any findings.

- Does not indicate when the DOLs' investigation will be complete.

- Does not indicate that the DOL has proposed, initiated, or implemented any settlement – in fact, it its undisputed that none of these things have occurred.

- Does not indicate that even if any of the above things do eventually occur, HongHua will agree to settle the matter with the DOL, rather than continue to insist that the at-issue workers are independent contractors.

5

- Provides no conclusive proof that, in fact, the DOL's investigation completely overlaps the putative class members in this case – in fact, it obviously does not, because the DOL's investigation only goes back two years, while this action goes back three years.

HongHua's "emergency" motion fails to cite a single case from any jurisdiction where a court abated the issuance of notice in an already certified FLSA collective action in this sort of situation. In fact, a sister court in this district refused such a postponement even when the request was made before a certification ruling, rather than after-the-fact as HongHua did here. *See, e.g., Villeda v. Landry's Restaurant, Inc.*, No. Civ.A. 4:08-cv-02287, Doc. Nos. 13 and 14.[7]

### III. ARGUMENT AND ANALYSIS

#### A. Legal Standards

A "motion to abate" is not expressly authorized by federal statute or rule. *See Wyatt v. Terhune*, 305 F.3d 1033, 1044-45 (9th Cir. 2002) ("a matter in abatement ... is subject to an unenumerated Rule 12(b) motion."). While federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, "which must be exercised in light of the policy against unnecessary dilatory motions." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1360 (3d ed. 2004); *see also* 28 U.S.C. § 2105 (precluding appellate reversal for "error in ruling upon matters in abatement which do not involve jurisdiction").

Motions to abate should be considered in light of the cardinal principle that the rules of procedure be administered "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *see* 5C, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360, at 78 (3d ed. 2004) ("[A]lthough a given motion might raise a valid point, unless its determination would have the effect of promoting 'the just, speedy, and inexpensive

---

[7] Ex. A at page 4; Ex. B at Doc. No. 14.

determination' of the action as mandated by Rule 1, the district court should probably deny the application and thereby avoid any delay."). Accordingly, motions to abate solely designed to achieve a strategic advantage in litigation should be denied. *See, e.g.*, *PJC Brothers, LLC v. S & S Claims Serv., Inc.*, 267 F.R.D. 199, 202 (S.D. Tex. 2010) (denying defendant's motion to abate where it would give defendant an unfair tactical advantage and needlessly delay the litigation).

**B.     Analysis**

**1.     Procedurally, HongHua Waived The Asserted Ground For Its Motion For Abatement**

The DOL Investigator's letter to HongHua notifying it of its FLSA investigation is dated April 6, 2012 (Doc. No. 26-1). So, HongHua and its lawyer knew about the DOL's investigation before it filed its response to Plaintiffs' motion for conditional certification on April 17, 2012, before it filed its surreply on April 25, 2012, and before this Court entered the order HongHua now seeks to abate on May 7, 2012. Yet, for its own strategic reasons, HongHua chose not to inform the Court or Plaintiffs' counsel about the DOL's investigation before the Court entered its order. As if to emphasize its own waiver, HongHua's motion to abate (wrongly) argues that involvement of the DOL somehow undermines collective certification.[8] But if HongHua really believed that were the case, then HongHua should have argued it to the Court before the Court entered its order on May 7, 2012, not after.

HongHua must live with the consequences of its own failed litigation strategy. It is too late for HongHua to rely on an argument that it knowingly and intentionally declined to make before the Court entered its order. *Cf. Del Prado v. B.N. Development Co.*, 602 F.3d 660, 664 (5th Cir. 2010) ("Moreover, the plaintiff waived its argument on this issue by failing to raise it to the district court until the reply brief to a Motion for Reconsideration."). To hold otherwise

---

[8] HongHua's Motion to Abate at ¶ 14.

7

would encourage litigants to engage in strategic "piecemeal" litigation, and regularly subject Court orders to post-entry "emergency" motions to abate, to reconsider, to stay, etc. Such a result would not be consistent with the cardinal principle that the rules of procedure be administered "to secure the just, speedy, and inexpensive determination of every action" in this specific case, or in general.

### 2. Substantively, HongHua's Motion Is Meritless

Waiver aside, HongHua's motion to abate is substantively meritless. If HongHua had already reached a settlement with the DOL that covered the entire putative class before this lawsuit was filed or conditionally certified, such a motion may have plausible merit. But, as described above, it is undisputed that is far from the case here. Here, all that exists is a DOL investigation. The investigation is not complete. No settlement has been proposed, much less accepted. No DOL notice has been sent; nor could such a notice be sent unless and until HongHua actually reached a settlement with the DOL. In short, the factual predicate to any potentially meritorious motion to abate is totally absent. Instead, HongHua's motion is built on speculation stacked upon more speculation. No court has ever abated the issuance of notice to putative class members in an already conditionally certified FLSA collective action in this situation, and HongHua offers no good reason why this Court should be the first. Indeed, in one case, where – unlike HongHua – the employer raised the issue in a timely fashion, the district court still refused to delay granting the plaintiffs' motion for conditional certification and authorization to issue notice. *See, e.g., Villeda v. Landry's Restaurant, Inc.*, No. Civ.A. 4:08-cv-02287, Doc. Nos. 13 and 14 (decision by Judge Lee Rosenthal granting plaintiffs' motion for

conditional certification and to issue notice over employer's objection that a simultaneous DOL investigation entitled the company to a 90 day postponement of the ruling).[9]

### 3. The Putative Class Members Would Be Prejudiced

HongHua claims the putative class would not be prejudiced by delay.[10] That assertion is not accurate. First, the putative class members' limitations period is running. Specifically, in FLSA collective actions, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)). In other words, the "limitations period is not tolled with respect to other potential plaintiffs unless and until they opt in to the case." *Quintanilla v. A & R Demolitina, Inc.*, No. Civ.A. H-04-1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005). And, "[a] separate cause of action for overtime compensation . . . accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *See Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973) (quotation marks omitted). Therefore, every day notice is delayed is one less day a putative class member may recover damages. That constitutes prejudice.

Second, abating the case would likely cause other prejudice to the putative class members. For example, as mentioned, HongHua's apparent strategy now is to try to resolve its widespread liability through the DOL, rather than this lawsuit. Such a settlement with the DOL would probably permit the company to avoid paying the putative class members liquidated damages – something the DOL often agrees to in order to encourage voluntary settlements.

---

[9] *See* Ex. A at page 4; Ex. B at Doc. No. 14.

[10] HongHua's Motion to Abate at ¶¶ 7, 15.

Liquidated damages are, however, awarded to prevailing claimants in FLSA actions, unless the employer proves that its violation was in "good faith" – which is very difficult for an employer to do in general, and which HongHua has no chance of doing so based on the facts of this case. *See, e.g.*, *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) ("[a]n employer 'faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct.14, 2008) (rejecting employer's claim of good faith as a matter of law). Consequently, permitting HongHua to abate the Court's certification decision, while it tries to negotiate a cheap settlement with the DOL, could result in an undeserved windfall to HongHua, while depriving the putative class members of the full relief the FLSA provides. This potential prejudice is one more reason HongHua's already moribund motion should be denied.

### IV.  CONCLUSION

HongHua seeks an "emergency" abatement based solely on a DOL investigation that it strategically concealed from the Court before the Court ruled on Plaintiffs' motion for conditional certification and to issue notice. HongHua's motivation for the abatement is clearly to try to leverage the DOL investigation into a way to save money. While a corporation's desire to save money is understandable, it is not a legally persuasive justification for abatement in this case. HongHua's "emergency" motion should be denied. A proposed Order is filed contemporaneously with this response.

                Respectfully submitted,

                OBERTI SULLIVAN LLP

  By:    s/ Mark J. Oberti
           Mark J. Oberti
           Texas Bar No. 00789951
           Southern District ID No. 17918
           723 Main Street, Suite 340
           Houston, TX 77002
           (713) 401-3555 – Telephone
           (713) 401-3547 – Facsimile
           mark@osattorneys.com – Email

           ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record, as listed below, by CM/ECF on this the 10th day of May 2012.

    Andrea Marie Johnson
    Burleson LLP
    700 Milam, Suite 1100
    Houston, TX 77002

           s/ Mark J. Oberti
           Mark J. Oberti