BEFORE THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBY WALKER, PAUL FRAZIER DAVID FRED MEHAFFEY II, JUAN GARCIA, BRODERICK MCCLOUD MICHAEL WEATHERSBY, EDGAR SANCHEZ, and JAVIER PINEDA, <br><br>PLAINTIFFS, <br><br>v. <br><br>HONGHUA AMERICA, LLC, <br><br>DEFENDANT. | § § § § § § § § § § § § § § § CAUSE NO. 4:12-cv-00134 |

## DEFENDANT HONGHUA AMERICA, LLC'S MOTION FOR RECONSIDERATION OF ITS MOTION OF ABATEMENT OF THE COURT'S ORDER AS TO THE CONDITIONAL COLLECTIVE ACTION

Defendant HongHua America, LLC ("HHA") asks the Court to reconsider its Motion of Abatement ("Motion") of the Court's Order as to the Conditional Collective Action, as follows:

1. Defendant sought a short 45-day abatement of the distribution of opt-in notices pursuant to the Court's Order as to Conditional Collective Action, in order to allow the putative plaintiffs the unfettered opportunity to choose between a potential Department of Labor supervised settlement and joining this lawsuit. In short, the short stay or abatement was sought to insure that these workers make a fully-informed decision.

2. HHA respectfully asks the Court to reconsider its ruling of May 16, 2012, and grant the brief abatement requested for the reasons contained herein.

1

**BACKGROUND**

3.     On March 20, 2012, Plaintiffs' filed their Motion to Conditionally Certify a Collective Action and to Issue Notice ("Motion for Collective Action"). Plaintiffs' motion sought to create a class of Crane Operators and Roughneck/Riggers that had performed work for HHA and were classified as independent contractors and, consequently, not paid overtime at the rate specified by the Fair Labor Standards Act ("FLSA").

4.     At the time of this filing, the Department of Labor ("DOL") had not contacted HHA and HHA had no idea that an investigation was to occur. To this date, the DOL has not disclosed the impetus for their investigation. Nevertheless, the DOL began its investigatory process while Plaintiffs' Motion for Collective Action was pending. The DOL's investigation targeted essentially the same issues and the same workers as those at issue in the noted motion.

5.     On May 3, 2012 (a week after his site review), the DOL investigator, Mr. Fernandez, contacted HHA's counsel to inform her that his investigation suggested that a finding against HHA would issue as to those workers HHA had classified as independent contractors. To finalize the process and prepare a formal finding, Mr. Fernandez requested wage and hour information as to those workers, including the Crane Operators and Roughneck/Riggers. HHA delivered the requested information on May 14, 2012, as agreed. Thereafter, Mr. Fernandez has indicated he anticipated the formal finding would issue shortly, possibly in a couple of weeks.

6.     On May 7, 2012, this Court granted the Motion for Collective Action which contemplated opt-in notices being distributed to the putative class members as early as May 21, 2012. HHA has worked to comply with the notice as best it can, while at the same time asking this Court for the short stay of 45 days so that the DOL process may complete.

7.     **As it is seeking a way to resolve these issues, HHA is cooperatively working with the DOL to see if an agreement can be reached as to the roughneck and crane operator workers.**

8.     Thus, the DOL investigatory process and the private lawsuit are proceeding along parallel tracks.  While this lawsuit seeks compensation for these workers, *so does the DOL process*, and HHA is interested in negotiating an agreement with the DOL, if possible, which will offer that compensation to these workers immediately, rather than at some distant point in this case, *if* plaintiffs are successful.  In short, the lawsuit seeks compensation that may or may not happen at some point in the future; the DOL process could, if HHA and the DOL agree, lead to immediate compensatory satisfaction for these workers – if they choose that option.  Thus, both processes – that in this lawsuit and that through the DOL investigation – have very serious implications for all parties involved, but especially for the workers not yet a party to the lawsuit.  <u>To not apprise these workers of their full rights and the potential DOL settlement would be essentially an omission of critical information that these workers are entitled to know as they decide how they want to go forward</u>.  Accordingly, HHA urges the Court to reconsider its ruling.

## ARGUMENT AND AUTHORITIES

9.     This motion to reconsider should be granted because **this is the one and only opportunity for the workers to make a fully informed choice about their options**.  If this motion is denied, and the opt-in notices issue, the prospective plaintiffs will be placed in a position of making an important decision without all the pertinent facts.

10.    The FLSA was designed to provide aggrieved workers a choice.  29 U.S.C. §216(b) creates this choice by creating a private right of action, as well as providing for a supervised

settlement through the DOL under 29 U.S.C. 216(c). Each choice has its advantages and disadvantages. Examples of some of the factors to be weighed by worker include:

    a)    Whether to take the risk and join the lawsuit, or take guaranteed money through the DOL settlement;

    b)    Whether to wait months in the hopes of receiving liquidated damages, or to take less money in the form of back wages immediately;

    c)    Whether to endure the intrusion into their lives involving potential written discovery, depositions and trial testimony, or accept only back wages and move on with their lives.

This is an important decision. Imagine a worker that receives the opt-in notice, commits themselves to the litigation, which ultimately proves unsuccessful. That worker is left empty handed. *Should that worker not have the opportunity to take advantage of the choice that the FLSA contemplates to accept a settlement?* That worker would certainly say "yes." He would demand to have all the relative facts in front of him at the same time – not piecemeal over a number of weeks. Granting a short abatement preserves this statutory choice, which may *not* be preserved if the notice goes forward silent as to any DOL agreement that may be reached.

11.    The importance of this choice was recognized by the *Woods* court that observed that §216(c)'s waiver provision was designed to "create an incentive for employers [to] voluntarily accept settlements supervised by the DOL's Wage & Hour Division. More generally, the court indicated **§216 "was designed to offer a choice to an employee who had been improperly denied wages under the FLSA: he or she might choose between (1) an action by the Administrator under …subsection (c) for simply the amount which is owed to him or (2) his own individual right of action under subsection (b) for both back wages and liquidated damages together with reasonable attorney's fees."** *Woods v. RHA/Tennessee Group Homes, Inc.* 803 F.Supp.2d at 799-800 (M.D.Tenn. 2011). (citing *Dent v. Cox Communs. Las Vegas, Inc.*,

502 F.3d 1141, 1145( 9th Cir. 2007)) (copy attached).  In other words, the *Woods* court recognized that when both a DOL action and a private lawsuit are in motion, the workers should not be asked to commit to one or the other without having full knowledge of the existence of both.

12.     Should the abatement not be allowed, those workers that choose to opt-in will lose the opportunity to make an unfettered decision.  Once the putative plaintiffs have committed themselves to the lawsuit, and met with a plaintiff's attorney about their case, they will be reluctant, and possibly worried about changing their minds.  Furthermore, they may not even have that opportunity as the DOL has advised that it will not act as to persons who have already filed or joined a lawsuit.  A notice without this information could result in the workers not knowing how, or even if it is possible, to end their participation in the lawsuit and sever their relationship with the Plaintiffs' attorney.  Thus, the current question is:  *Why is a short stay or abatement of only 45 days not permitted, in favor of some significant negative repercussions to these workers:*

> (1) obvious confusion by a possible second DOL-related notice,
>
> (2) lost opportunities for some workers to choose a DOL offer, and
>
> (3) the omission of critical facts about the current situation?

Thus, the denial of the short delay could result in serious unjust negatives.  Instead, HHA respectfully urges this Court to avoid these negative outcomes and allow this short delay of the proceedings.

13.     In this regard, HHA agrees that the workers should be fully apprised of the potential of additional damages if they choose to join the lawsuit.  However, this information can be explained to them, along with the DOL option, if an abatement is granted and a dual notice is

issued.  After opting in, conveying an offer of a DOL settlement will be prohibited by the ethical rules and require a court order, which has not been ordered to date.  Moreover, if the worker has opted in, any decision he makes from that point forward will likely be done after consulting the plaintiff's attorney.  Finally, as noted, the DOL normally does not include in its settlement any workers who already have claims in court – so those workers may lose an opportunity for immediate compensation as well.  This is obviously a less than ideal situation compared to providing the worker with all of his options prior to committing to opting in the lawsuit, which is exactly what *Wood* was about.

14.     The abatement may also serve the purpose of promoting judicial efficiency better than proceeding forward with distributing the notice.  Plaintiffs' counsel candidly admitted at the oral hearing that a worker presented with a settlement check and a settlement agreement as a result of a DOL settlement would likely take it.  *Isn't that really what this process about?*  It is about resolving this wage dispute quickly, efficiently and in a manner such that justice is done.  If a DOL settlement is reached, and a worker, *fully aware of all his options*, prefers to accept that settlement, then we have achieved these goals.  Preserving this settlement option may provide quick resolution for scores of workers, reduce the burden on the Court, save attorney's fees, allow a local employer to survive and to continue to provide jobs to the community and give full effect statutory choice created by 29 U.S.C 216.  Certainly, this Court's court management expectations, as mentioned during the hearing on May 16th, are equally served by these settlement purposes; instead the parties must forge ahead without consideration of the potential DOL agreement with HHA and without consideration of the negative effects the lack of a stay may have on the workers' rights.

15. The abatement will also serve to avoid the confusion that will be created by multiple notices being sent. Absent the abatement, the opt-in notices will be distributed. Most workers have never been part of a lawsuit much less an FLSA collective action. Despite best efforts of counsel, the notice will likely be confusing to most that receive it. Some workers will return them immediately while others will wait. Then, if a DOL settlement is reached, a second notice will then be distributed. At this point it is unclear who will even have a chance to learn of the DOL agreement; as noted, the DOL normally does not include those who are already parties to a lawsuit. So it is possible that many could lose an opportunity to participate in a DOL settlement. But, if such a notice is permitted to reach them, all that receive it will be confused about their rights. Some that have already returned the opt-in notice may believe they are not eligible for the DOL settlement, while others may sign up for both, if that opportunity is ordered. Much effort and expense will go into responding to the confusion created by the multiple notices. This is why a single notice explaining both options, at the same time, is the most efficient and prudent method, which will not prejudice any worker rights.

16. HHA admits that the DOL agreement has not been effected, yet (<u>though HHA is currently pursuing that with the DOL</u>). What is certain is that HHA has done everything requested of it by the DOL to move the process forward quickly, including advising of its interest to effect an agreement, if possible. The DOL investigator has provided us with his opinion of liability and an indication that a formal decision will issue within weeks. Thus, we know that a DOL demand to HHA is imminent. HHA will act quickly to accept or reject, or negotiate, that demand upon receipt. The only question is whether allowing this important option a chance to materialize is worth a brief delay that will avoid prejudice to the workers.

## **CONCLUSION**

HHA recognizes and respects the federal judiciary's charge to manage their dockets and preserve confidence in the judicial system by providing timely and efficient resolution to matters before it. Given (a) the importance of the decision to be presented to the workers, (b) the intent of the FLSA to allow aggrieved workers the choice of settlement or a private lawsuit, and (c) the indication by the DOL that it has reached a decision and will issue it quickly, this brief abatement is warranted and will not interfere with the administration of justice. HHA requested an abatement of 45 days out of an abundance of caution; if the Court would consider a shorter period of 30 days acceptable, HHA believes it would be sufficient to conclude the DOL process. Accordingly, HHA asks for the Court to reconsider its order and agree to a brief stay.

Respectfully submitted,

/s/ Andrea M. Johnson
ANDREA M. JOHNSON
TBA NO. 10679600
Federal Bar No. 1285
BURLESON LLP
700 Milam St., #1100
Houston, Texas 77002
Telephone, (713) 358-1700
Telecopier, (713) 358-1717

ATTORNEYS FOR DEFENDANT
HONGHUA AMERICA, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of May, 2012, I electronically filed a true and correct copy of Defendant's Motion for Reconsideration of its Motion of Abatement of the Court's Order as to the Conditional Collective Action using the CM/ECF system which will send notification of such filing to the following CM/ECF participant(s):

Mr. Mark Oberti
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, Texas 77002

                              /s/ Andrea M. Johnson
                              ANDREA M. JOHNSON