UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WALKER, PAUL FRAZIER, DAVID FRED MEHAFFEY II, JUAN GARCIA, BRODERICK MCCLOUD, MICHAEL WEATHERSBY, EDGAR SANCHEZ, and JAVIER PINEDA, *et al.*, | § § § § § § § | |
| Plaintiffs, | § § | Civ. Action No. 4:12-cv-00134 |
| VS. | § § § | |
| HONGHUA AMERICA, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant HongHua America, LLC's Motion for Reconsideration of its Motion of Abatement of the Court's Order as to the Conditional Collective Action. (Doc. No. 31.) The Court concludes that the Motion must be **DENIED**.

This Court examines Defendant's Motion in light of Federal Rule of Civil Procedure 59(e). *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. H–11–3218, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011) (citing *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 3190452, at *4-5 (S.D. Tex. Sept. 28, 2009)). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Therefore, "a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir.

2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Although clear error of law has not been explicitly defined, it should conform to a very exacting standard. *Esparza v. Telerx Marketing*, No. EP-04-CA-0241-FM, 2005 WL 1514046, at *1 (W.D. Tex. June 21, 2005) (citing *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 422 (D.D.C. 2005)). "[T]he district court enjoys considerable discretion in granting or denying" a motion under Rule 59(e)." 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 2011). Nonetheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

Defendant has not identified a manifest error of law or fact in the Court's ruling, and the Court can conceive of none. Indeed, the manifest error standard is a high one. "A manifest error of law or fact must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *In re Wahlin*, No. 10–20479–TLM, 2011 WL 10633196, at *2 (Bankr. D. Idaho March 21, 2011) (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). "For example, the motion would be properly taken if the court patently misunderstood a party, making a mistake not of reasoning but of apprehension." *Id.* at *3 n.5 (citing *Gregg v. Am. Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D. Colo. 1991)). In other words, "[a] motion for reconsideration is proper when the court has

patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since the submission of the issues to the court." *Gregg*, 840 F.Supp. at 1401 (citing *EEOC v. Foothills Title Guar. Co.*, Civ.A. No. 90-A-361, 1991 WL 61012, at *3 (D. Colo. Apr. 12, 1991)). None of these circumstances apply here.

Defendant has failed to present newly discovered evidence. Likewise, Defendant has not shown that a manifest injustice has occurred. "The manifest injustice standard presents plaintiff with a high hurdle." *Westerfield v. U.S.*, 366 Fed.Appx. 614, 619 (6th Cir. 2010) (unpublished). "'What is clear from the case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Id.* (quoting *Bunting Bearings Corp.*, 321 B.R. 420 (Bankr. N.D. Oh. 2004)). *See also In re UBS AG ERISA Litig.*, No. 08 Civ. 6696(RJS), 2012 WL 1034445, at *4 (S.D.N.Y. March 23, 2012) ("[A] district court has not committed a 'manifest injustice' unless its error was 'direct, obvious, and observable.'" (quoting Black's Law Dictionary 1048; citing *U.S. v. Luciano*, 329 F.3d 1, 5 (1st Cir. 2003))); *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view [it]." (quotations and citations omitted)). The Court has not committed any direct, obvious, and observable error.

Additionally, the Court does not perceive that its decision will cause an injustice for any parties or for the putative class members.

Defendant may disagree with the Court's decision. Nonetheless, Defendant's disagreement is insufficient grounds upon which to revisit a prior order of the Court. Therefore, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of May, 2012.

_____
**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**